**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **STEVEN GRADY, individually and on behalf of all others similarly situated,** | ) ) ) | |
| Plaintiff, | ) ) | Case No. _____ |
| v. | ) ) | |
| **DELAWARE NORTH COMPANIES SPORTSERVICE, INC.,** | ) ) ) | |
| Defendants. | ) ) | |

**VERIFIED COLLECTIVE AND CLASS ACTION COMPLAINT**
**FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT ("FLSA")**
**AND THE MISSOURI MINIMUM WAGE LAW ("MMWL")**

Plaintiff Steven Grady ("Mr. Grady" or "Plaintiff"), by and through undersigned counsel, for his Complaint against Defendant Delaware North Companies Sportservice, Inc.,("Delaware North") states as follows:

**NATURE OF THE ACTION**

1. This is a hybrid collective and class action brought under § 216(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and Rule 23 of the Federal Rules of Civil Procedure to recover unpaid tips and statutory damages under the Missouri Minimum Wage Law ("MMWL"), Mo. Rev. Stat. § 290.500 et seq.

2. Defendant Delaware North Companies Sportservice, Inc. ("Delaware North") manages and controls food-service operations at Busch Stadium in St. Louis, Missouri. Across approximately one hundred (100) concession stands, Delaware North requires that cashiers employed by Delaware North retain all customer tips, while the vendor employees who earn those tips receive none.

1

3.    Plaintiff and similarly situated vendors were deprived of all tips received from customers in violation of 29 U.S.C. § 203(m)(2)(B) and Mo. Rev. Stat. § 290.502.

4.    Plaintiff seeks to recover the value of misappropriated tips, liquidated or treble damages, attorney's fees, costs, and other appropriate relief on behalf of himself and all others similarly situated.

## JURISDICTION AND VENUE

5.    This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under the FLSA. The Court has supplemental jurisdiction over the MMWL claims under 28 U.S.C. § 1367 because they arise from the same nucleus of operative facts.

6.    This Court has personal jurisdiction over Delaware North because it is authorized to do business in Missouri, regularly transacts business within this District, and the acts complained of occurred in St. Louis, Missouri.

7.    Venue is proper under 28 U.S.C. § 1391(b) because the events giving rise to the claims occurred within the Eastern District of Missouri.

## PARTIES

8.    Plaintiff Steven Grady is an adult resident of Granite City, Illinois, who worked as a food-service vendor at Busch Stadium in St. Louis, Missouri from approximately 2012 until August 10, 2025.

9.    Defendant Delaware North Companies Sportservice, Inc. is a Delaware corporation authorized to do business in Missouri. Delaware North manages and controls all food and beverage operations at Busch Stadium, including cashier staffing, tip handling, and vendor oversight.

10.    From 2012 through August 2024, Plaintiff was employed and paid by Cohn's Kosher Cart, a food vendor operating under Delaware North's oversight.

11.     In or around September 2024, the food-cart business of Cohn's Kosher Cart was purchased by Stuie's Coney Island Kosher Deli, LLC, which continued to operate the same stand in the same location at Busch Stadium under Delaware North's supervision.

### COLLECTIVE ACTION ALLEGATIONS (FLSA)

12.     Plaintiff brings Count I of this action under 29 U.S.C. § 216(b) on behalf of himself and all similarly situated current and former concession vendors, food-service workers, and other non-exempt employees who worked at Busch Stadium during the three years preceding the filing of this Complaint and were denied tips retained by Delaware North cashiers.

13.     The FLSA Collective consists of **all current and former food-service vendors, concessionaires, and similar non-exempt employees who worked at Busch Stadium in St. Louis, Missouri, at any time during the three years preceding the filing of this Complaint, and who were denied tips retained by Delaware North cashiers.**

14.     All members of the FLSA Collective are similarly situated in that they performed substantially the same duties, were subject to the same uniform policy requiring Delaware North cashiers to retain tips, and suffered the same loss of earned gratuities.

15.     Plaintiff seeks conditional certification of this action as a collective, authorization to send notice to all similarly situated employees, and recovery of unpaid tips, liquidated damages, attorney's fees, and costs.

### RULE 23 CLASS ACTION ALLEGATIONS (MMWL)

16.     Plaintiff also brings Count II under Fed. R. Civ. P. 23 on behalf of a proposed Missouri class defined as:

> **All individuals who worked as food-service vendors, concessionaires, or similar non-exempt employees at Busch Stadium in St. Louis, Missouri,**

**during the three-year period preceding the filing of this Complaint, who were denied tips retained by Delaware North cashiers.**

17.    **Numerosity:** The class includes hundreds of employees, making joinder impracticable.

18.    **Commonality:** Common questions of law and fact predominate, including whether Delaware North maintained a uniform policy diverting tips and whether such policy violates the MMWL.

19.    **Typicality:** Plaintiff's claims arise from the same course of conduct and are typical of those of the class.

20.    **Adequacy:** Plaintiff will fairly and adequately represent the interests of the class and has retained experienced counsel.

21.    **Predominance and Superiority:** A class action is superior to individual suits because it will efficiently resolve common issues arising from Delaware North's standardized pay and tip-handling practices.

## FACTUAL ALLEGATIONS

22.    Plaintiff prepared and served food at the concession stand operated first by Cohn's Kosher Cart and later by Stuie's Coney Island Kosher Deli, both under Delaware North's supervision.

23.    Delaware North assigned its own cashiers to handle all customer payments at the stand. These cashiers, as Delaware North employees, collected both cash and credit-card tips from patrons.

24.    Customers routinely left tips for Plaintiff and other stand workers in recognition of their service.

25.    Under Delaware North's policy, the cashiers kept all such tips, and none were distributed to the stand workers who earned them.

26.    When Stuie's owner, Stuart Rosenbloom, questioned the policy, Delaware North management responded, "The cashier gets the tips," and refused to change it.

4

27. Plaintiff and his coworkers received no portion of the tips collected at their stands.

28. Throughout his employment, Plaintiff was paid a flat $200–$225 per game, regardless of the number of hours worked.

29. On August 10, 2025, Delaware North revoked Plaintiff's stadium access and ended his employment for reasons unrelated to compensation.

30. At all relevant times, Delaware North exercised substantial control over vendor working conditions, including staffing, payment processing, and the handling of tips.

## COUNT I – VIOLATION OF THE FAIR LABOR STANDARDS ACT
*(Unlawful Retention of Employee Tips, 29 U.S.C. § 203(m)(2)(B))*

31. Plaintiff realleges and incorporates by reference the foregoing paragraphs.

32. Plaintiff was a non-exempt employee entitled to retain all tips received from customers.

33. Defendant Delaware North violated 29 U.S.C. § 203(m)(2)(B) by retaining and diverting tips intended for Plaintiff and other food-service workers.

34. Delaware North's conduct was willful within the meaning of 29 U.S.C. § 255(a).

35. Pursuant to 29 U.S.C. § 216(b), Plaintiff and the FLSA Collective are entitled to recover the full amount of unlawfully retained tips, an additional equal amount as liquidated damages, and reasonable attorney's fees and costs.

**Relief Requested:** Plaintiff and the Collective seek recovery of all misappropriated tips, an equal amount as liquidated damages, and reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT II — VIOLATION OF MISSOURI MINIMUM WAGE LAW
*(Mo. Rev. Stat. § 290.500 et seq.)*

36. Plaintiff realleges and incorporates by reference the foregoing paragraphs.

37. Delaware North's conduct in diverting and retaining tips owed to Plaintiff constitutes a violation of the Missouri Minimum Wage Law.

38.     Pursuant to Mo. Rev. Stat. § 290.527, Plaintiff is entitled to recover the full amount of unpaid wages and an additional amount equal to twice the amount of unpaid wages, for a total of treble damages. plus reasonable attorney's fees and costs.

**Relief Requested:** Plaintiff and the Rule 23 Class seek recovery of all misappropriated tips, treble damages as provided by Mo. Rev. Stat. § 290.527, reasonable attorney's fees and costs, and such further relief as the Court deems just and proper

## <u>PRAYER FOR RELIEF</u>

Plaintiff, individually and on behalf of all others similarly situated, respectfully requests judgment against Defendant for:

    a.   All unlawfully retained tips;
    b.   An equal amount as liquidated damages under the FLSA;
    c.   Treble damages under the MMWL;
    d.   Reasonable attorney's fees and costs;
    e.   Pre- and post-judgment interest; and
    f.   All other relief the Court deems just and proper.

Respectfully submitted,

s/*Philip E. Oliphant*
Philip E. Oliphant, Bar Number: 25990 (TN)
THE ROLWES LAW FIRM, LLC
254 Court Avenue, Suite 305
Memphis, TN 38103
901.519.9135 (voice)
901.979.2499 (fax)
poliphant@rolweslaw.com

s/*Edward J. Rolwes*
Edward J. Rolwes, Bar Number: 51522 (MO)
THE ROLWES LAW FIRM, LLC
2333 South Hanley Road, Suite. 104
St. Louis, MO  63144
314-806-9626 (voice)
314-472-0900 (fax)
erolwes@rolweslaw.com

*Attorneys for Plaintiff*

7

## <u>DECLARATION AND VERIFICATION</u>

I, Steven Grady, verify and declare that the facts stated in the foregoing Verified Complaint for violation of the Fair Labor Standards Act ("FLSA") and the Missouri Minimum Wage Law are true to the best of my knowledge and belief, and that the Complaint is not made out of levity or by collusion with Defendants, but in sincerity and truth for the causes mentioned in the Complaint.

Steven Grady (Nov 4, 2025 14:30:24 CST)

_____
Steven Grady
05/11/1961
_____
Date

8

# 2501104 - Grady Collective Class Complaint

Final Audit Report                                                                        2025-11-04

| | |
|---|---|
| Created: | 2025-11-04 |
| By: | Philip Oliphant (poliphant@rolweslaw.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAA-A35sdMAu5bLHC9HbvLcjC_nEmdUzKog |

## "2501104 - Grady Collective Class Complaint" History

Document created by Philip Oliphant (poliphant@rolweslaw.com)
2025-11-04 - 6:05:43 PM GMT

Document emailed to Steven Grady (stevengrady11@gmail.com) for signature
2025-11-04 - 6:05:47 PM GMT

Email viewed by Steven Grady (stevengrady11@gmail.com)
2025-11-04 - 8:28:54 PM GMT

Document e-signed by Steven Grady (stevengrady11@gmail.com)
Signature Date: 2025-11-04 - 8:30:24 PM GMT - Time Source: server

Agreement completed.
2025-11-04 - 8:30:24 PM GMT

Adobe Acrobat Sign