**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

STEVEN GRADY, individually and on behalf of all others similarly situated,

Plaintiff,

v.

Case No. 4:25-cv-01640-SPM

DELAWARE NORTH COMPANIES SPORTSERVICE, INC.,

Defendant.

**JOINT STIPULATION TO CORRECT THE NAME OF DEFENDANT AND AMEND THE CAPTION**

Plaintiff Steven Grady and Defendant (which has appeared and answered as St. Louis Sportservice, LLC, stating that it was incorrectly named in the caption as Delaware North Companies Sportservice, Inc., *see* ECF No. 39 at 1) jointly stipulate as follows, pursuant to Federal Rules of Civil Procedure 15(a)(2) and 21, and respectfully request that the Court enter the accompanying proposed Order:

1. **Proper party.** St. Louis Sportservice, LLC ("SLS LLC"), a Missouri limited liability company (Charter No. LC0072106), is the properly named Defendant in this action. The naming of "Delaware North Companies Sportservice, Inc." in the Complaint and Amended Complaint was a misnomer of SLS LLC.

2. **Caption.** The caption of this action shall be amended to name "ST. LOUIS SPORTSERVICE, LLC" as Defendant in place of "DELAWARE NORTH COMPANIES SPORTSERVICE, INC.," and all references to "Defendant" or to "Delaware North Companies Sportservice, Inc." in the Amended Complaint (ECF No. 8) shall be deemed to refer to SLS LLC. No further amended pleading is required to effectuate this correction.

3. **Relation back.** The correction of Defendant's name relates back to the filing of the original Complaint pursuant to Federal Rule of Civil Procedure 15(c). SLS LLC acknowledges that it received notice of this action within the period provided by Rule 4(m) and knew or should have known that the action would have been brought against it but for the misnomer.

4. **Waiver.** SLS LLC waives, and shall not assert, any defense or objection based upon service of process, personal jurisdiction, the statute of limitations insofar as it is premised on the timing of the correction of Defendant's name, or the prior misnomer, in this action, including as to the claims of Plaintiff and of any person who opts into the collective. Nothing herein waives Defendant's Third Affirmative Defense as it existed independent of the misnomer.

5. **Binding effect of prior proceedings.** All prior proceedings, filings, orders, agreements, admissions, and concessions in this action — including the Court's Memorandum and Order of July 16, 2026 (ECF No. 36), the parties' tolling agreement adopted in the Case Management Order (ECF No. 35) tolling the FLSA limitations period for putative collective members from February 3, 2026 through July 16, 2026, and Defendant's Answer (ECF No. 39) — apply to and bind SLS LLC to the same extent as if SLS LLC had been correctly named from the commencement of this action. The Answer (ECF No. 39) is deemed the answer of SLS LLC to the Amended Complaint as amended by this Stipulation, and no amendment of the Answer as of right shall result from this Stipulation. Discovery heretofore or hereafter served upon "Defendant" is deemed served upon SLS LLC.

6. **Safety valve.** If any representation concerning the proper defendant in this action — including the statements in Defendant's Answer (ECF No. 39) and in Paragraphs 1 and 3 of this Stipulation — proves materially inaccurate, or if discovery shows that a Delaware North entity other than SLS LLC employed the cashiers assigned to Busch Stadium concession stands,

established or administered the tip-handling policies at issue, controlled the point-of-sale systems or merchant accounts through which gratuities were processed, or was the contracting concessionaire for Busch Stadium during the relevant period, Plaintiff may move to join Delaware North Companies Sportservice, Inc. or any other Delaware North entity shown to have performed such function(s), and Defendant shall not oppose such joinder on grounds of the statute of limitations, relation back, the scheduling order's deadline for joinder or amendment, or undue delay. Any such joinder or amendment of the identity of Defendant shall relate back to the filing of the original Complaint, without altering the otherwise-applicable commencement date under 29 U.S.C. § 256 or limitations period of any Plaintiff or opt-in plaintiff under the FLSA.

7. **No other effect.** Except as stated herein, this Stipulation does not affect any party's claims, defenses, or discovery rights and obligations, including the deadlines in the Case Management Order (ECF No. 35).

Dated: August 14, 2026

SO STIPULATED:

*/s/ Philip E. Oliphant*
Philip E. Oliphant
Edward J. Rolwes
THE ROLWES LAW FIRM, LLC
*Attorneys for Plaintiff and the Putative Collective*

*/s/ Hannah Sosenko (with permission)*
Robert E. Jones
CURTIS, HEINZ, GARRETT & O'KEEFE, P.C.
Noah A. Finkel
Hannah Sosenko
SEYFARTH SHAW LLP
*Attorneys for Defendant*